UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL GRISWOLD,

    Plaintiff,

                                    Case No. 2:17-cv-13460
                                    HON. GERSHWIN A. DRAIN

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#25], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#22], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#21] AND OVERRULING PLAINTIFF'S OBJECTIONS [#26]</u>**

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross Motions for Summary Judgment pertaining to Plaintiff Cheryl Griswold's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits.

The matter was referred to Magistrate Judge Mona K. Majzoub, who issued a Report and Recommendation on February 21, 2019, recommending that the Court deny Plaintiff's Motion for Summary Judgment, and grant the Defendant

Commissioner's Motion for Summary Judgment.  Plaintiff filed objections to the Report and Recommendation on March 8, 2019, and the Defendant filed a Response to Plaintiff's objections on March 15, 2019.

For the reasons discussed below, the Court will overrule Plaintiff's objections, accept and adopt Magistrate Judge Majzoub's Report and Recommendation, grant the Defendant's Motion for Summary Judgment, and deny the Plaintiff's Motion for Summary Judgment.

**II.   STANDARD OF REVIEW**

Title 28 U.S.C. § 636 sets forth the standard of review used by the Court when examining a report and recommendation.  The Court, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court has the power to, "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

The district court may affirm, modify or reverse the Commissioner's decision, with or without remand.  *See* 42 U.S.C. § 405(g).  Under § 405(g), the courts have limited power regarding the Commissioner's decision, "the findings of the commissioner of social security as to any fact if supported by substantial evidence, shall be conclusive." *Id.*  Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1976).

### III. ANALYSIS

#### A. **Objection #1**

Plaintiff's first objection relates to Dr. Ronald Kendrick's medical opinion that Plaintiff was restricted to walking and standing for four hours in an eight-hour workday. In her motion for summary judgment, Plaintiff argued that the ALJ committed reversible error by relying on Vocational Expert ("VE") Kimberly Warner's testimony because it did not include Dr. Kendrick's four-hour walk/stand limitation. Plaintiff maintained that this was error because the ALJ gave "significant weight" to Dr. Kendrick's opinion. Thus, the ALJ should have relied upon the testimony of VE Scott Silver, who incorporated the four-hour walk/stand limitation and concluded that the limitation would preclude Plaintiff from light work.

The Magistrate Judge correctly concluded that Dr. Kendrick's four-hour walking and standing limitation was never accepted by the ALJ, who explicitly did not incorporate the limitation into the RFC because of Plaintiff's "admitted daily activities and the lack of abnormalities on examinations." Dkt. 9 at Pg ID 397. Contrary to Plaintiff's assertion, remand is not necessary because the ALJ's

rationale and final RFC are inconsistent. The ALJ "note[d]" that Dr. Kendrick believed Plaintiff was restricted to a four-hour walk/stand limitation, as well as recognized VE Warner's jobs included a sit/stand option, which accommodated such a limitation. However, this discussion does not render the ALJ's final RFC inconsistent with his rationale to exclude this limitation such that remand is warranted.

Plaintiff also complains that the Magistrate Judge erred in upholding the ALJ's reliance on VE Warner's testimony and rejection of VE Silver's testimony. The Magistrate Judge correctly found that the ALJ was entitled to rely on VE Warner's earlier testimony because the RFC assessment had not changed. *See Paul v. Comm'r of Soc. Sec.*, No. 2:13-cv-14911, 2015 WL 1299980, at *1, 11 (E.D. Mich. Mar. 23, 2015). Lastly, the ALJ properly rejected VE Silver's testimony concluding that it "conflict[ed] with well-settled definitions" of "light exertional jobs." Dkt. No. 9 at Pg ID 399. Plaintiff's argument that VE Silver's testimony was better suited to the ultimate issue of whether Plaintiff could perform light exertional work is an attempt to have the Court re-weigh the evidence, which would be improper. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (acknowledging the ALJ's "zone of choice.").

Based on the foregoing, Plaintiff's first objection is overruled.

## B. Objection #2

In her second objection, Plaintiff argues that the ALJ failed to give good reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Laran Lerner, D.O. The gist of Plaintiff's argument is that the ALJ erred in rejecting Dr. Lerner's opinion that Plaintiff is disabled because his opinion was retrospective. However, this is not the only reason that the ALJ assigned no weight to Dr. Lerner's opinion. The ALJ noted that Dr. Lerner had only examined Plaintiff twice when he made his disability determination, which was made nearly two years after she was last insured. The ALJ further noted that Dr. Lerner backdated his opinion to 2007, which Plaintiff admitted was during the time that she was caring for her ailing mother. Additionally, the ALJ recognized that Dr. Lerner purportedly reviewed Plaintiff's treatment records from other treating sources, but these sources' records did not evidence Plaintiff was as limited as she alleged.

Accordingly, the Magistrate Judge correctly concluded that the ALJ complied with the treating physician rule by discussing the regulatory factors in assessing Dr. Lerner's opinion and finding that it was not probative of whether Plaintiff was disabled prior to December of 2009. As such, Plaintiff's second objection is overruled.

## C. Objection #3

Plaintiff's third objection relates to her contention that the Magistrate Judge erred in concluding the ALJ corrected the errors with respect to Plaintiff's credibility that were made in her previous decision. Plaintiff complains that the ALJ made the same findings as those made before. However, this is not an accurate depiction of the ALJ's decision.

The Court's remand order required the ALJ to "consider the intermittent nature of [Plaintiff's] activities," and to better explain her analysis of evidence that Plaintiff was taking care of her mother and that she told her psychiatrist she was doing fine after her date last insured.

Contrary to Plaintiff's objection, the Magistrate Judge correctly found that the ALJ remedied the issues with her prior decision. The ALJ acknowledged Plaintiff's qualifying statements that her activities were "very limited" and she did things "only because she had to." The ALJ explained that these activities, while limited, were inconsistent with the completely disabling restrictions that she and Dr. Lerner had reported.

The ALJ also pointed to new evidence that Plaintiff was "quite active" which undermined her claim that she had been continuously disabled since her date last insured. The ALJ provided more detail as to why Plaintiff's caregiving

activities showed that she was more functional than alleged. Finally, the ALJ provided the necessary context for relying on Plaintiff's statements to her mental health provider that she was "doing OK" and had "no complaints," explaining that it would have been unusual for Plaintiff to conceal her allegedly disabling pain from her psychiatrist.

Because the Magistrate Judge correctly found that the ALJ fully corrected the errors with respect to assessing Plaintiff's credibility, Plaintiff's third objection is also overruled.

## IV. CONCLUSION

Accordingly, the Plaintiff's objections [#26] are OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Mona K. Majzoub's February 21, 2019 Report and Recommendation [#25], DENIES Plaintiff's Motion for Summary Judgment [#21], and GRANTS the Commissioner's Motion for Summary Judgment [#22].

SO ORDERED.

Dated: March 26, 2019                    /s/Gershwin A. Drain
                                         GERSHWIN A. DRAIN
                                         United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 26, 2019, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Deputy Clerk